IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 21-CV-01428 |
| v. | ) ) | C O M P L A I N T |
| ASCENSIONPOINT RECOVERY SERVICES, LLC, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Henry Harrington ("Harrington"). As alleged with greater particularity below, AscensionPoint Recovery Services, LLC ("APRS") discriminated against Harrington on the basis of his religion when APRS failed to accommodate his religious practice, and discharged him for failing to comply with a fingerprinting requirement that conflicted with his sincerely held religious belief.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

PARTIES

3.     Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, APRS has continuously been and is now a Delaware limited liability company doing business in the State of Minnesota and the City of St. Louis Park.

5.     At all relevant times, APRS has continuously had at least 15 employees.

6.     At all relevant times, APRS has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Harrington filed a charge with the Commission alleging violations of Title VII by APRS.

8.     On July 11, 2019, the Commission issued to APRS a Letter of Determination finding reasonable cause to believe that APRS violated Title VII by failing to provide a religious accommodation to Harrington and discharging him because of his religion.

9.     The Commission invited APRS to engage in conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     The Commission engaged in communications with APRS to provide it with the opportunity to remedy the discriminatory acts described in the Letter of Determination.

11.     The Commission was unable to secure a conciliation agreement acceptable to the Commission.

12.    On December 18, 2020, the Commission issued to APRS a Notice of Failure of Conciliation.

13.    All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

14.    Beginning on or about July 26, 2017, APRS engaged in unlawful employment practices at its St. Louis Park site, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a), by failing to accommodate Harrington's religious practices and discharging him because of his religion:

(a)    On July 26, 2017, APRS sent an email to Harrington, requesting that he be fingerprinted.

(b)    In response, Harrington informed APRS that the fingerprinting requirement conflicted with his religious beliefs and requested an exemption from the fingerprinting requirement as an accommodation.

(c)    Harrington is Christian and has a sincere religious belief that he should refrain from having his fingerprints captured.

(d)    APRS met with Harrington later on July 26, 2017, and reiterated that he must comply with the fingerprinting requirement.

(e)    During this meeting, Harrington again declined to be fingerprinted due to his sincerely held religious beliefs.

(f)    APRS failed to explore any alternatives to fingerprinting as an accommodation of Harrington's religious practice.

(g)    APRS discharged Harrington the same day, July 26, 2017, because of the conflict between his religious practice and APRS's fingerprinting requirement.

15.     The effect of the practices complained of above has been to deprive Harrington of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion.

16.     The unlawful employment practices complained of above were intentional.

17.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Harrington's federally protected rights.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining APRS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on religion;

B.     Order APRS to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices;

C.     Order APRS to make Harrington whole, by providing appropriate backpay and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Harrington, or providing front pay in lieu thereof;

D.     Order APRS to make Harrington whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order APRS to make whole Harrington by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including

(but not limited to) emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order APRS to pay Harrington punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

GWENDOLYN YOUNG REAMS
Acting General Counsel

U.S. Equal Employment Opportunity
Commission
131 M. Street, N.E.
Washington, D.C. 20507

Gregory Gochanour
Regional Attorney

Justin Mulaire
Supervisory Trial Attorney

*s/Kelly Bunch*
Kelly Bunch (IL # 6323195)
Trial Attorney

U.S. Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn Street - Suite 2920
Chicago, IL  60604
*Telephone*:   (312) 872-9704
*E-mail*:       justin.mulaire@eeoc.gov
*E-mail*:       kelly.bunch@eeoc.gov

*s/Adrienne Kaufman*
Adrienne Kaufman (# 0397523)
Trial Attorney

U.S. Equal Employment Opportunity Commission
 Minneapolis Area Office
Towle Building
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
*Telephone:* (612) 552-7315
*E-mail*:        adrienne.kaufman@eeoc.gov