UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, | File No. 21-cv-1428 (ECT/TNL) |
| Plaintiff, | |
| v. | **CONSENT DECREE** |
| AscensionPoint Recovery Services, LLC, | |
| Defendant. | |

---

1.     Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against AscensionPoint Recovery Services, LLC ("Defendant" or "APRS") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. EEOC alleged that APRS discriminated against Henry Harrington on the basis of religion when APRS failed to accommodate his religious practice, and discharged him for failing to comply with a fingerprinting requirement that conflicted with his sincerely held religious belief.

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action.

### FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

1

a.  This Court has jurisdiction of the subject matter of this action and of the parties.

b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties, Harrington, and the public are adequately protected by this Decree.

c.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. Entry of this Decree will further the objectives of Title VII, and will be in the best interests of Harrington, the parties, and the public.

**WHEREFORE**, upon the consent of the parties, **IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST RELIGIOUS DISCRIMINATION

4.  APRS, its officers, agents, employees, successors, assigns, and all persons acting in concert with APRS:  (a) shall not discharge any employee on the basis of religion or because of the need to make reasonable accommodations to his or her religious observance or practice absent undue hardship, (b) shall provide reasonable accommodations for the religious observances and practices of its employees unless such accommodations would cause undue hardship, and (c) shall not deny a religious accommodation request based on a conflict between a religious practice and a requirement imposed by or for the benefit of a third party (e.g., a client of APRS) without first making a good faith effort to obtain the third party's cooperation in meeting the need for accommodation.

2

## INJUNCTION AGAINST RETALIATION

5.     Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has requested a religious accommodation, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## POSTING OF NOTICE

6.     Within seven (7) days after entry of this Decree, Defendant will post the Notice attached as **Exhibit A**, at all of Defendant's facilities.  **Exhibit A** will be posted in locations where notices for employees are generally posted, and shall remain in place for the Term (see Paragraph 21) of this Decree.

## MONETARY RELIEF

7.     Within twenty-one (21) days of the later of: approval of this Decree by the Court; Defendant's receipt of the Release attached as **Exhibit B** signed by Harrington; and an updated IRS Form W4 and IRS Form W9 from Harrington, Defendant shall pay Harrington the gross sum of $65,000 as back pay and compensatory damages ("Payment"). Of the gross sum, $28,000 shall be designated as back wages, and $37,000 shall be designated as compensatory damages. The amount designated as back wages shall be subject to any required tax withholdings and deductions, for which APRS shall issue an IRS Form W-2. APRS may not deduct the employer's share of applicable taxes from the amount to be paid as back wages. APRS shall issue an IRS Form 1099 for the amount designated as compensatory damages. APRS shall send payment by check via Certified or

3

Registered Mail to Harrington at an address provided by the EEOC. Contemporaneously, APRS shall submit a copy of the checks to EEOC as set forth in Paragraph 26 below.

8.      If any portion of the Payment is not issued and mailed within the twenty-one (21) day period specified in Paragraph 7 ("Unpaid Amount"), then for each business day after that period that such portion remains unpaid, APRS shall pay to Harrington, in the manner set forth above, an amount equal to the greater of $25 or 0.1% of the Unpaid Amount.

## OTHER INDIVIDUAL RELIEF

9.      APRS will provide a neutral employment reference for Harrington.  Upon request, Defendant will provide prospective employers Harrington's dates of employment, last position held, and last hourly wage.  Also, Defendant has provided, as set forth in Exhibit C, a neutral letter of reference identifying Harrington's dates of employment, last position held, and last hourly wage.

## TRAINING

10.     By December 31, 2021, and thereafter occurring on an annual basis during the Term of this Consent Decree, Defendant will provide live training to all employees on Title VII of the Civil Rights Act, with an emphasis on religious discrimination and the right to religious accommodations.  The training shall be interactive and provide employees opportunities to ask and answer questions.  The training may be incorporated into a larger training on employee rights and employer obligations under federal and state anti-discrimination law, and shall be provided by a qualified trainer to all employees.

11.     Defendant shall obtain EEOC's approval of its proposed trainer(s) and the proposed training content before providing to the employees before December 1, 2021. Thereafter, if APRS makes any changes to the Title VII religious discrimination and/or accommodation portion of the training during the term of the Consent Decree, APRS will obtain the EEOC's approval prior to using the revised training materials. If no changes are made to that relevant portion, APRS is not obligated to submit the training materials in advance for approval. Defendant shall submit the name(s), address(es), telephone number(s), resume(s), training proposal(s), and any materials to be distributed to the participants, to EEOC at least 30 days prior to the proposed date(s) of the first training, to be provided prior to December 31, 2021 and if changes are proposed to the Title VII religious discrimination and/or accommodation portion of the training thereafter, prior to APRS using that material for any annual and/or new hire training. EEOC shall have 14 days from the date of receipt of the information described above to accept or reject the proposed trainer(s), training proposal(s), and/or training material. In the event EEOC does not approve Defendant's designated trainer(s), proposal(s), and/or training material, Defendant shall have five (5) days to identify an alternate trainer(s) or make changes to the proposal(s) and/or training material. EEOC shall have five (5) days from the date of receipt of the information described above to accept or reject the proposed changes. If the parties cannot, through this process, agree on a trainer(s) and/or the training content, they may seek the Court's assistance under Paragraph 20.

12.     Defendant shall certify to EEOC in writing by January 15 and July 15 of each calendar year during the term of the Consent Decree that the training has taken place and

5

that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training, (ii) a copy of an attendance list, which shall include the name and position of each person in attendance, (iii) a list of employees present at the time of the training, and (iv) copies of all materials distributed to the participants if different from those materials previously provided pursuant to Paragraph 11.

## POLICY ON ACCOMMODATIONS

13.     Within ten (10) days of entry of this Decree and throughout the duration of this Decree, Defendant shall establish and maintain an accommodations policy ("Policy") consistent with Title VII that, at a minimum, provides that APRS will fully investigate the feasibility of requested religious accommodations, and, if a requested accommodation is not granted, that APRS will explore alternative accommodations. The Policy shall also provide that when an accommodation is needed because of a conflict between religious practice and a requirement imposed by or for the benefit of a third party (e.g., a client of APRS), APRS will not deny the accommodation without first making a good faith effort to obtain the third party's cooperation in meeting the need for accommodation. The Policy shall be incorporated into an employee handbook and shall be posted in a conspicuous location on a bulletin board or other space that is regularly used by APRS for posting notices to employees.  The Policy shall remain posted in this manner for the Term of the Decree.

14.     No later than 15 days after entry of this Decree, APRS shall submit a copy of its Policy to the EEOC.  Submission of the Policy to the EEOC shall not represent the EEOC's or the Court's endorsement or approval of any APRS policy.

## RECORD KEEPING

15.     During the Term of this Decree, APRS shall maintain and make available for inspection and copying by the EEOC, written records of any requests for religious accommodations.

16.     For each such request, such records shall include: (a) the name of the employee who made the request and that employee's address and telephone number; (b) the date of the request; (c) a written description of what was requested and why; and (d) a written description of the resolution or outcome of the request, including a description of what actions, if any, APRS took, and the identity of the staff responsible for investigating the complaint or report and for determining Defendant's response.

17.     APRS shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.

18.     Defendant shall make all documents or records referred to in Paragraphs 15 and 16 above, available for inspection and copying within 14 days after EEOC so requests.

## REPORTING

19.     APRS shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the Term of this Decree. The first Semi-Annual Report shall be due no later than January 15, 2022 and thereafter, every six (6) months (July 15 and January 15 of each calendar year after entry of the Decree). Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual

Report shall be due 30 days prior to the expiration of the Decree.  Each such Semi-Annual Report shall contain:

(a)     copies of all records described in Paragraphs 15 and 16, above, for the period subsequent to the previous Semi-Annual Report (or, for the first Semi-Annual Report, the period subsequent to entry of this Decree) or a certification by APRS that no requests for religious accommodations were received during that period;

(b)     a certification by APRS that the Notice required to be posted pursuant to Paragraph 6 of the Decree remained posted in the manner required during the entire 6-month period preceding the Semi-Annual Report.

### DISPUTE RESOLUTION

20.     If during the Term of this Decree EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, EEOC shall notify Defendant of the alleged non-compliance and shall afford the alleged non-complying party seven (7) business days to remedy the non-compliance or satisfy EEOC that Defendant has complied.  If Defendant has not remedied the alleged non-compliance or satisfied EEOC that it has complied within seven (7) business days, EEOC may apply to the Court for relief, including modification of this Decree, imposing a monetary fine for noncompliance, and/or any other relief that the Court determines to be appropriate.

### TERM OF THE DECREE

21.     This Decree shall be in effect for a period of three (3) years immediately following the entry of the Decree ("Term"), unless extended by order of the Court,

provided, however, that if, at the end of the Term of the decree, any disputes under Paragraph 20, above, remain unresolved, the Term of the Decree shall be extended automatically (and no party will contest the Court's jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

22.     The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of Defendant's business or sale or other transfer of all or a substantial portion of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

23.     If any provision(s) of the Decree is found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

24.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

25.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

26.     When this Decree requires notifications, reports, and communications to the parties, they shall be sent by U.S. Mail to AscensionPoint Recovery Services Consent

Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 330 Second Avenue South, Suite 720, Minneapolis, MN   55401, or by email to both kelly.bunch@eeoc.gov and adrienne.kaufman@eeoc.gov.

**IT IS SO ORDERED.**

Dated:  September 7, 2021

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court

10

Agreed to in form and content:

FOR THE U.S. EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

Gwendolyn Young Reams
Acting General Counsel
131 M. Street NE, 5th Floor
Washington, D.C. 20507


s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney
Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9685
Email: greg.gochanour@eeoc.gov


s/ Justin Mulaire
Justin Mulaire
Supervisory Trial Attorney
Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9666
Email: justin.mulaire@eeoc.gov


s/ Kelly Bunch
Kelly Bunch (IL #6323195)
Trial Attorney
Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9704
Email: kelly.bunch@eeoc.gov

s/ Adrienne Kaufman
Adrienne Kaufman (#0397523)
Trial Attorney
EEOC - Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN  55401
Telephone: (612) 552-7315
Email: adrienne.kaufman@eeoc.gov


FOR
ASCENSIONPOINT RECOVERY SERVICES,
LLC.


s/ Gina K. Janeiro
Gina K. Janeiro
Jackson Lewis P.C.
150 South Fifth Street, Suite 3500
Telephone: (612) 359-1766
Email: gina.janeiro@jacksonlewis.com

# EXHIBIT A

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. AscensionPoint Recovery Services*, Case No. 21-CV-01428 (D. Minn.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against AscensionPoint Recovery Services, LLC ("APRS"). In its suit, EEOC alleged that APRS violated Title VII when it discriminated against an employee on the basis of his religion by failing to accommodate his religious practice and discharging him for failing to comply with a policy that conflicted with his sincerely held religious belief.

To resolve the case, APRS and EEOC have entered into a Consent Decree that provides, among other things, that:

1) Defendant will make a monetary payment of $65,000 to the employee;

2) Defendant will not discharge any employee on the basis of religion or because of the need to make reasonable accommodations to his or her religious observance or practice absent undue hardship, will provide reasonable accommodations for the religious observances and practices of its employees unless such accommodations would cause undue hardship, and will not deny a religious accommodation request based on a conflict between a religious practice and a requirement imposed by or for the benefit of a third party (e.g., a client of APRS) without first making a good faith effort to obtain the third party's cooperation in meeting the need for accommodation;

3) Defendant will make regular reports to EEOC regarding its compliance with this Decree; and

4) Defendant will provide training on Title VII to its managers, human resources professionals, and employees on the requirements and rights under the Title VII.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (612) 552-7334. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov. EEOC charges no fees and has employees who speak languages other than English.

### <u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: AscensionPoint Consent Decree Compliance, EEOC, 330 Second Avenue South, Suite 720, Minneapolis, MN 55401.

September 7, 2021            s/ Eric C. Tostrud
Date                            Eric C. Tostrud
                                   United States District Judge

14

# EXHIBIT B

## **RELEASE AGREEMENT**

In consideration for $65,000, payable to me by AscensionPoint Recovery Services, LLC ("APRS"), in connection with the resolution of *EEOC v. AscensionPoint Recovery Services, LLC*, No. 21-cv-01428, I waive my right to recover for any claims of religious discrimination arising under Title VII that I had against APRS that were the subject of this EEOC lawsuit.


Date: _____         Signature:   _____
                                          Henry Harrington

# EXHIBIT C



August 9, 2021


Re:  Henry Harrington


To Whom It May Concern:

Henry was hired on with AscensionPoint Recovery Services, LLC on March 21st, 2016 as a Client Services Representative and his last day was on July 26th, 2017. Henry's hourly rate was at $16.00/hr.

Please contact me at 763-235-4054 with any questions.


Sincerely,


Meghann Jeffrey
VP of Human Resources & Staff Development


CC:   Human Resources Records